IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

MONICA MATTHEWS,                      )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )        Case No. 1:14-cv-01219-GBL-IDD
                                      )
FAIRFAX TRUCKING, INC., *et al.*,     )
                                      )
        Defendant.                    )

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendants Fairfax Trucking, Inc. ("Fairfax") and

Marc Nelson's ("Mr. Nelson") (collectively "Defendants") Motion to Partially Dismiss

Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) ("Motion to Dismiss") (Doc.

7). This case concerns allegations that Plaintiff Monica Matthews ("Plaintiff") was sexually

harassed while working at Fairfax. There are five issues before the Court. The first issue is

whether the Court should dismiss Plaintiff's Title VII sexual harassment claim against Mr.

Nelson. The second issue is whether the Court should dismiss Plaintiff's assault claim against

Mr. Nelson. The third issue is whether the Court should dismiss Plaintiff's negligent hiring

claim against Mr. Nelson. The fourth issue is whether the Court should dismiss Plaintiff's

negligent hiring claim against Fairfax. The fifth issue is whether the Court should dismiss

Plaintiff's assault claim against Fairfax.

The Court GRANTS Defendants' Motion to Dismiss for five reasons. First, the Court

GRANTS Defendants' Motion to Dismiss the Title VII sexual harassment claim against Mr.

Nelson because (1) Plaintiff did not exhaust her administrative remedies by failing to name Mr.

Nelson as a respondent in her EEOC charge, (2) Mr. Nelson is not an official under Title VII,

and (3) Mr. Nelson cannot be held liable as he is not an employer under Title VII. Second, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's assault claim against Mr. Nelson because he cannot be held liable for assault through the doctrine of respondeat superior.

Third, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's negligent hiring claim against Mr. Nelson because Virginia law only recognizers employers—not supervisors or managers—as the proper subjects of negligent hiring claims. Fourth, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's negligent hiring claim against Fairfax because Plaintiff failed to plead sufficient facts showing that her coworkers' pre-employment behavior should have alerted Fairfax that those coworkers would assault Plaintiff. Fifth, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's assault claim against Fairfax as Plaintiff failed to plead sufficient facts showing that the coworkers who allegedly assaulted her were acting within the scope of their employment.

## I. BACKGROUND

Plaintiff Monica Matthews is a truck driver for Fairfax. (Doc. 1 ¶ 2; Doc. 8 at 1.) Defendant Marc Nelson directly supervised Plaintiff during the times of the incidents complained of and also supervised the individuals who allegedly engaged in wrongful conduct. (Doc. 1 ¶ 4.) Plaintiff claims that in 2005 a coworker named Anatoli Petrigov ("Mr. Petrigov") squeezed her breast while she was at the work site. (*Id.* ¶ 5.) Plaintiff immediately reported this Mr. Nelson, who reportedly laughed and said that he would speak with Mr. Petrigov about the incident. (*Id.*) She claims that in January 2013, Mr. Petrigov approached her and touched her hair and face." (*Id.*) This incident was also reported to Mr. Nelson. (*Id.*)

In May 2013, Fairfax employee Carl Jenkins ("Mr. Jenkins") allegedly placed his hand around Plaintiff's waist and asked that she go away with him for a weekend. (*Id.*) After she

declined, he began to rub her neck. (*Id.*) She reported this incident to Mr. Nelson. On May 21, 2014, Mr. Petrigov allegedly touched Plaintiff's thigh. (*Id.*) Plaintiff also alleges that two additional incidents happened in May 2014. First, Plaintiff claims that Mr. Jenkins "stuck his hand in the front of Plaintiff's pocket near her vaginal area." (*Id.*) She asked him to stop as this made her uncomfortable. (*Id.*) Plaintiff reported the incident to Mr. Nelson and requested that he stop sending her out on jobs with Mr. Jenkins because she was afraid of him. (*Id.*) Plaintiff is unaware whether Mr. Nelson followed up on her complaint against Mr. Jenkins. Second, Plaintiff claims that a coworker named Marvin sexually harassed her. While sharing a fish sandwich for lunch at a worksite, Marvin told Plaintiff that "he was interested in accompanying her to her home so that he could share that other 'fish.'" (*Id.*) Plaintiff reported this to Mr. Nelson, who advised her to inform him of any further sexual harassment. (*Id.*)

The EEOC issued a right to sue letter on June 18th, 2014. On September 16, 2014, Plaintiff filed her Complaint (Doc. 1).

## II. DISCUSSION

### A. Standards of Review

#### a. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal where the court lacks jurisdiction over the subject matter of the action. FED. R. CIV. P. 12(b)(1). Where a federal court finds subject matter jurisdiction lacking, it must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). In considering a 12(b)(1) motion to dismiss, the plaintiff bears the burden to prove that federal subject matter

jurisdiction is proper. *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) (citing *U.S. ex. rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009)).

There are two ways in which a defendant may present a 12(b)(1) motion. First, a defendant may present a facial attack upon the complaint where the complaint "fails to allege facts upon which subject matter jurisdiction may be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). In such a case, the court assumes the truth of all facts alleged by the plaintiff. *Id.* (quoting *Bain*, 697 F.2d at 1219).

Alternatively, a defendant may use a 12(b)(1) motion to attack the existence of subject matter jurisdiction apart from the pleadings, essentially averring "that the jurisdictional allegations [are] not true." *Id.* (quoting *Bain*, 697 F.2d at 1219). When faced with this second form of a challenge, the court may regard the pleadings as mere evidence and consider evidence outside the pleadings to determine the existence of jurisdiction, even going so far as to hold an evidentiary hearing if deemed necessary. *Id.* (citing *Bain*, 697 F.2d at 1219); *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). As a result, plaintiff's allegations find no presumption of truth, and a dispute of material facts will not preclude the trial court from evaluating the merits of claims underlying jurisdiction. *U.S. ex. rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).

b. <u>Motion to Dismiss for Failure to State a Claim</u>

Federal Rule of Civil Procedure 12(b)(6) enables a defendant to move for dismissal by challenging the sufficiency of the plaintiff's complaint. FED. R. CIV. P. 12(b)(6). A Rule 12(b)(6) motion should be granted where the plaintiff has failed to "state a plausible claim for relief" under Rule 8(a). *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal

quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). To be facially plausible, a claim must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations, which if taken as true, "raise a right to relief above the speculative level" and "nudg[e] [the] claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

The requirement for plausibility does not mandate a showing of probability but merely that there is more than a possibility of the defendant's unlawful acts. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). As a result, a complaint must contain more than "naked assertions" and "unadorned conclusory allegations" and requires some "factual enhancement" in order to be sufficient. *Id.* (citing *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). In addition to the complaint, the court will also examine "documents incorporated into the complaint by reference," as well as those matters properly subject to judicial notice. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted); *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 176 (4th Cir. 2009) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

A court's Rule 12(b)(6) review involves separating factual allegations from legal conclusions. *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012). In considering a Rule 12(b)(6) motion, a court must give all reasonable inferences to the plaintiff and accept all factual allegations as true. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). Though a court must accept the truthfulness of all factual

allegations, it does not have to accept the veracity of bare legal conclusions. *Burnette*, 687 F.3d at 180 (citing *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011)).

A court must grant a Rule 12(b)(6) motion where a complaint fails to provide sufficient nonconclusory factual allegations to allow the court to draw the reasonable inference of the defendant's liability. *Giacomelli*, 588 F.3d at 196–97 (citing *Iqbal*, 556 U.S. at 678–79, and *Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969–70 (4th Cir. 1992) (en banc)).

**B. Analysis**

The Court GRANTS Defendants' Motion to Dismiss for five reasons. First, the Court GRANTS Defendants' Motion to Dismiss the Title VII sexual harassment claim against Mr. Nelson because (1) Plaintiff did not exhaust her administrative remedies by failing to name Mr. Nelson as a respondent in her EEOC charge, (2) Mr. Nelson is not an official under Title VII, and (3) Mr. Nelson cannot be held liable as he is not an employer under Title VII. Second, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's assault claim against Mr. Nelson because he cannot be held liable for assault through the doctrine of respondeat superior.

Third, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's negligent hiring claim against Mr. Nelson because Virginia law only recognizers employers—not supervisors or managers—as the proper subjects of negligent hiring claims. Fourth, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's negligent hiring claim against Fairfax because Plaintiff failed to plead sufficient facts showing that her coworkers' pre-employment behavior should have alerted Fairfax that those coworkers would assault Plaintiff. Fifth, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's assault claim against Fairfax as Plaintiff failed to plead sufficient facts showing that the coworkers who allegedly assaulted her were acting within the scope of their employment.

a. Sexual Harassment Claim Against Mr. Nelson

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's Title VII sexual harassment claim against Mr. Nelson for three reasons. First, because Plaintiff did not exhaust her administrative remedies as she did not name Mr. Nelson as a respondent in her EEOC charge. Second, because Mr. Nelson is not an official under Title VII. Third, because Mr. Nelson cannot be held liable as he is not an employer under Title VII.

First, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Title VII sexual harassment claim against Mr. Nelson because the Court lacks subject matter jurisdiction over the claim as Plaintiff did not exhaust her administrative remedies. Courts have held that "[o]ne jurisdictional prerequisite to bringing an action under Title VII is the filing of a charge with the EEOC naming the defendant(s) as respondent(s). Failure to do so is proper grounds for dismissal of the claim against the unnamed defendant." *Lane v. David P. Jacobson & Co.*, 880 F. Supp. 1091, 1096 (E.D. Va. 1995). Additionally, in *Jones v. Calvert Grp., Ltd.*, the Fourth Circuit held that:

> A charge is sufficient only if it is sufficiently precise to identify the parties, and to describe generally the action or practices complained of. . . [A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim.

551 F.3d 297, 300–01 (4th Cir. 2009) (citing *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 138–40 (4th Cir. 1995)).

Here, Plaintiff's EEOC charge fails to identify Mr. Nelson as a respondent. *See* (Doc. 1.) Consequently, the Court finds that Plaintiff failed to exhaust her administrative remedies with respect to her Title VII claim against Mr. Nelson. Accordingly, because the Court lacks subject matter jurisdiction over the claim, Defendants' Motion to Dismiss Plaintiff's Title VII sexual harassment claim against Mr. Nelson is GRANTED

7

Second, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Title VII sexual harassment claim against Mr. Nelson because Mr. Nelson is not an official under Title VII. A suit against an individual in his official capacity "is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Generally, official capacity suits represent "only another way of pleading an action against an entity of which an office is an agent . . . ." *Id.* at 165–66.

The Court finds that suing Mr. Nelson in his individual capacity is duplicative of the claims against his employer, Fairfax. *See Love-Lane v. Martin*, 355 F.3d 766, 784 (4th Cir. 2004) (observing that claims against school board members in their official capacities are essentially claims against the school board); *Pettis v. Nottoway Cnty. Sch. Bd.*, No. 3:12-CV-864, 2013 WL 3063704, at *6 (E.D. Va. Jun. 17, 2013) (dismissing Title VII claims against individual defendants in their official capacities because they were duplicative of the claims against the employer).

Here, because Plaintiff brought her Title VII claim against both Mr. Nelson in his official capacity and Fairfax, the Court finds the claims to be duplicative. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Title VII claim against Mr. Nelson.

Third, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Title VII claim against Mr. Nelson because Mr. Nelson cannot be held liable as he is not an employer under Title VII. Individual supervisors and agents are not "employers," as defined by Title VII, and are therefore not subject to individual liability under Title VII. *See Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998). Because Mr. Nelson is a supervisor at Fairfax, the Court GRANTS Defendants' Motion to Dismiss on this ground.

b. <u>Assault Claim Against Mr. Nelson</u>

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's assault claim against Mr. Nelson because he cannot be held liable for assault through the doctrine of respondeat superior. In Virginia, "the tort of assault consists of an act intended to cause either harmful or offensive contact with another person or apprehension of such contact, and that creates in that other person's mind a reasonable apprehension of an imminent battery." *Koffman ex rel. Koffman v. Garnet*, 265 Va. 12, 16 (2003) (citations omitted). Because Plaintiff alleges no facts showing that Mr. Nelson ever assaulted Plaintiff, Mr. Nelson's liability must necessarily rely upon the doctrine of respondeat superior.

Under the doctrine of respondeat superior, an employer may be held liable for torts that its employees committed within the scope of their employment. *Kensington Assocs. v. West*, 234 Va. 430, 432 (1987). As stated above, Mr. Nelson is a supervisor at Fairfax. Because Mr. Nelson is not an employer, Defendants' Motion to Dismiss Plaintiff's assault claim against Mr. Nelson must be GRANTED.

c. <u>Negligent Hiring Claim Against Mr. Nelson</u>

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's negligent hiring claim against Mr. Nelson because Virginia law only recognizers employers—not supervisors or managers—as the proper subjects of negligent hiring claims. In Virginia, an employer may be liable under a negligent hiring claim for placing an unfit person in an employment situation involving an unreasonable risk of harm to others. *See J. v. Victory Tabernacle Baptist Church*, 236 Va. 206, 211 (1988). Because Mr. Nelson is a supervisor manager, and not an employer, Defendants' Motion to Dismiss Plaintiff's negligent hiring claim against Mr. Nelson must be GRANTED.

d. Negligent Hiring Claim Against Fairfax

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's negligent hiring claim against Fairfax because Plaintiff failed to plead sufficient facts showing that her coworkers' pre-employment behavior should have alerted Fairfax that those coworkers would assault Plaintiff. In order to survive a motion to dismiss, a plaintiff brining a negligent hiring claim must plead sufficient facts showing that the defendant knew, or should have known, that the employee would commit wrongful acts. *See Clements v. MCV Associated Physicians*, 61 Va. Cir. 673, 676 (2002); *see also Beach v. McKenney*, 82 Va. Cir. 436, 443 (2011). In a negligent hiring action regarding an employee's propensity to sexually harass others, the Circuit Court of Virginia held that plaintiff "must specifically allege acts of the [employee], prior to [his employment], that would have suggested to [the employer] that [he] had the propensity to sexually harass and assault female employees and was, therefore, unfit for the job." *Berry v. Scott & Stringfellow*, 45 Va. Cir. 240, 248 (1998).

Here, the Court finds that Plaintiff failed to plead specific acts of Plaintiff's coworkers that would have suggested to Fairfax that they had the propensity to sexually harass and insult female employees. Plaintiff alleged that, "Upon information and belief Defendants knowingly and negligently hired employees with serious criminal backgrounds, including convictions for rape and other violent offenses some of whom sexually harassed Plaintiff." (Doc. 1 ¶ 6.) This sort of conclusory allegation, without any factual support, is insufficient. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (holding that "naked assertions" and "unadorned conclusory allegations" are not sufficient to overcome a Rule 12(b)(6) motion to dismiss). Accordingly, because Plaintiff failed to allege sufficient facts showing that Fairfax negligently

hired the employees who allegedly sexually harassed Plaintiff, Defendants' Motion to Dismiss Plaintiff's negligent hiring claim against Fairfax must be GRANTED.

      e.  Assault Claim Against Fairfax

The Court GRANTS Defendants' Motion to Dismiss Plaintiff's assault claim against Fairfax as Plaintiff failed to plead sufficient facts showing that the coworkers who allegedly assaulted her were acting within the scope of their employment.   Under the doctrine of respondeat superior, an employer may be held liable for torts that its employees committed within the scope of their employment. *Kensington Assocs. v. West*, 234 Va. 430, 432 (1987).   In Virginia, courts look to the totality of the circumstances to determine whether an employee's allegedly tortious activity falls within the scope of their employment. *See Gulf Underwriters Ins. Co. v. KSI Servs.*, 416 F. Supp. 2d 417, 422 (E.D. Va. 2006) (citations omitted).

The extent to which tortious or other wrongful, intentional conduct "arises out of" the employee's normal employment duties is "a function of (i) the extent to which the conduct resembled or was incidental to the employee's normal duties; and (ii) the extent to which the employment situation provided a particular opportunity or incentive for the commission of the tort." *Id.* at 422–23 (footnote omitted).   Further, "Where an employee commits a willful and wrongful act that results in injury to others, simple logic suggests that such employee generally does not do so 'with the intent to further the employer's interest." *Gina Chin & Assocs., Inc. v. First Union Bank*, 260 Va. 533, 541 (2000); *see also Blair v. Defender Servs., Inc.*, 386 F.3d 623 (4th Cir. 2004) (holding that assault was "so great a deviation" from janitorial services business that the employee in question could not have been acting within the scope of his employment).

The Court finds that the purported wrongful acts by Plaintiff's coworkers had no connection to their duties as employees of Fairfax, a trucking company.  Plaintiff alleges that her

coworkers touched her inappropriately and made inappropriate comments to her. *See* (Doc. 1 ¶ 5.) Plaintiff alleged no facts showing that the coworkers engaged in this behavior in order to further Fairfax's interests.

The only connection between the coworkers' actions and Fairfax is that they occurred while the individuals and Plaintiff were at work. The Fourth Circuit has previously held that an employer should not necessarily be subject to respondeat superior liability in similar circumstances. *Blair*, 386 F.3d at 627 ("[T]he simple fact that an employee is at a particular location at a specific time as a result of his employment is not sufficient to impose respondeat superior liability on the employer.") Accordingly, because Plaintiff failed to plead sufficient facts showing that her coworkers tortious acts arose out of their normal employment duties, the Court declines to impose respondeat superior liability on Fairfax and finds that Defendants' Motion to Dismiss the assault claim against Fairfax must be GRANTED.

## IV. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss for five reasons. First, the Court GRANTS Defendants' Motion to Dismiss the Title VII sexual harassment claim against Mr. Nelson because (1) Plaintiff did not exhaust her administrative remedies by failing to name Mr. Nelson as a respondent in her EEOC charge, (2) Mr. Nelson is not an official under Title VII, and (3) Mr. Nelson cannot be held liable as he is not an employer under Title VII. Second, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's assault claim against Mr. Nelson because he cannot be held liable for assault through the doctrine of respondeat superior.

Third, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's negligent hiring claim against Mr. Nelson because Virginia law only recognizers employers—not supervisors or managers—as the proper subjects of negligent hiring claims. Fourth, the Court GRANTS

Defendant's Motion to Dismiss Plaintiffs' negligent hiring claim against Fairfax because Plaintiff failed to plead sufficient facts showing that her coworkers' pre-employment behavior should have alerted Fairfax that those coworkers would assault Plaintiff. Fifth, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's assault claim against Fairfax as Plaintiff failed to plead sufficient facts showing that the coworkers who allegedly assaulted her were acting within the scope of their employment. The only remaining claim is the Title VII claim against Fairfax.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Doc. 7) is **GRANTED.**

**IT IS SO ORDERED.**

ENTERED this /3rd day of April, 2015.

Alexandria, Virginia
4/ /7 / 2015

_____ /s/ _____
Gerald Bruce Lee
United States District Judge